UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, )<br>successor to National City Bank, )<br>successor to Mid America Bank, fsb )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SOCRATES A. MEJIA, )<br>)<br>Defendant. ) | 12 C 6688 |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Plaintiff PNC Bank N.A.'s ("PNC Bank") unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. PNC Bank additionally seeks the entry of a shortened period of redemption, entry of personal judgment of deficiency, entry of an order placing the mortgagee in possession or appointment of a receiver, entry of a judgment for attorneys' fees, costs and expenses and the appointment of a licensed auctioneer. For the reasons set forth below, the Court grants PNC Bank's motion for summary judgment and grants in part and denies in part PNC Bank's motions for further relief.

## BACKGROUND

According to Local Rule of Civil Procedure 56.1, "all material facts set forth in the statement required of the moving party [for summary judgment] will be deemed to be admitted unless controverted by the statement of the opposing party." Defendant Socrates Mejia ("Mejia") has not opposed PNC Bank's motion or filed a response to PNC Bank's statement of material facts. Therefore, all facts in PNC Bank's statement of material facts are deemed to be admitted for the purposes of this motion. L.R. 56.1; *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012) (stating "[t]he obligation set forth in Local Rule 56.1 is not a mere formality," and that "[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.").

On or about October 16, 2007, Mid America Bank ("Mid America") agreed to loan Mejia $520,000. In exchange for the loan, Mejia executed and delivered to Mid America a promissory note for the principal amount of $520,000 ("Note-1"). Additionally on October 16, 2007, Mid America extended a second loan to Mejia in the amount of $240,000. As required, Mejia executed and delivered a second promissory note to Mid America for the principal amount of $240,000 ("Note-2") (Note-1 and Note-2 collectively referred to as "Notes"). As security for both Notes, Mejia executed a mortgage to Mid America dated October 16, 2007 (the "mortgage"). The mortgage

was issued against the property commonly known as 1210 Plainfield Road, Joliet, Illinois (the "property") and recorded with the Will County Recorder of Deeds on November 19, 2007. Pursuant to the terms of Note-1 and Note-2, Mejia was to repay the principal balance of the loan and the accrued interest in monthly installments beginning on November 3, 2007 and continuing each month thereafter. Subsequently, on February 9, 2008, Mid America merged with National City Bank. On November 6, 2008 National City Bank and PNC Bank merged, all assets and loans owned by National City Bank are now serviced by PNC Bank.

As of September 2010 Mejia failed to make the required payments specified in both Notes. As a result of Mejia's default, on October 13, 2010, PNC Bank sent a letter to Mejia demanding payment of all amounts due under both Notes. On August 12, 2012, PNC Bank filed a complaint with this Court initiating mortgage foreclosure proceedings against Mejia. Mejia answered PNC Bank's complaint and alleged four affirmative defenses.

PNC Bank has submitted an affidavit from its Assistant Vice President, Marques Williams ("Williams"), affirming the amounts presently outstanding on both Notes, through October 21, 2012. Note-1 has a principal balance of $466,551.76, with interest charges of $21,043.69 and late charges of $10,498.39, totaling $498,093.84. According to the terms of Note-1, PNC Bank is also due $95.87 per diem interest on the principal

balance. Note-2 has a principal balance of $116,044.05 and late charges of $9,568.12, totaling $123,189.35. According to the terms of Note-2, PNC Bank is also due $23.84 per diem interest on the principal balance. In addition to these balances, PNC Bank requests reimbursement of costs, expenses and attorneys' fees incurred in the course of enforcing the Notes, including the prosecution of this action.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Winsley v. Cook Cnty.*, 563 F.3d 598, 602-03 (7th Cir. 2009). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial. *Id.* The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id*. In considering a motion for summary judgment, a court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009).

**DISCUSSION**

PNC Bank moves the Court for the entry of judgment of foreclosure and sale. Additionally, PNC Bank seeks 1) entry of a shorter period of redemption; 2) entry of a personal judgment for a deficiency; 3) entry of an order placing the mortgagee in possession or appointing a receiver; 4) a judgment of attorneys' fees, costs, and expenses; and 5) the appointment of a licensed auctioneer for the purpose of selling the real estate at a public auction. Each request will be dealt with in turn.

**I. Judgment of Foreclosure and Sale**

PNC Bank brought this lawsuit pursuant to Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq*. Illinois Mortgage Foreclosure Law states that a final judgment may be granted if the defendant opposing the judgment does not submit a verified answer denying the facts in the complaint, or if the party states that they have "no knowledge of such allegation sufficient to form a belief." 735 ILCS 5/15-1506(a)(1). If this occurs then "a sworn verification of the complaint or a separate affidavit setting forth such facts, is sufficient evidence thereof against such party and no further evidence of such fact shall be required." *Id*. In these circumstances, the court may enter a judgment of foreclosure "upon motion supported by an affidavit stating the amount which is due the mortgage . . . where all the allegations of fact in the complaint

have been proved by verification of the complaint or affidavit." 735 ILCS 5/15-1506(a) (2).

PNC Bank asserts that they are entitled to a final judgment, pursuant to 735 ILCS 5/15-1506(a) (2). In light of Mejia's answer to PNC Bank's complaint, the imposition of a final judgment hinges on whether Mejia submitted a verified answer to the complaint. If he did, PNC Bank cannot avail itself of a final judgment pursuant to 735 ILCS 5/15-1506(a) (2). Under Illinois Law whenever an answer is to be verified, sworn to, or made under oath, an affirmation must be provided by the person having the knowledge of the matters. 735 ILCS 5/1-109. This affirmation is a certification that the statements set forth in the submission are true and correct. *Id*.

Mejia answered PNC Bank's complaint on October 15, 2012. The answer did not include a certification that the statements affirming or denying the allegations in the complaint were true and correct. Therefore, Mejia cannot avoid the imposition of a final judgment, due to sufficiency of his answer. 735 ILCS 5/15-1506(a).

The record indicates that Mejia executed and delivered two Notes, secured by a single mortgage. Mejia borrowed $520,000 under Note-1 and $240,000 under Note-2, and agreed to repay PNC Bank the principal amount, plus the accrued interest in monthly installments. The record also shows that as of September 2010 Mejia failed to make the required payments specified in both Notes. As a result of Mejia's default,

PNC Bank asserts that they are entitled to foreclosure on the property securing the mortgage.

Mejia has not contested PNC Bank's motion for summary judgment, nor has he submitted a statement of material facts pursuant to Rule 56.1. Mejia's only submission to the Court concerning PNC Bank's complaint was the filling of an answer on October 15, 2012. Mejia's answer admitted most of PNC Bank's allegations with the exception of several allegation which denied that the mortgage was in default status. Mejia did not supplement his denials with any supporting evidence.

Mejia's four affirmative defenses to PNC Bank's complaint lack merit. Mejia's first and forth affirmative defenses, contest the accuracy of the accrued debts provided in the PNC Bank's complaint. Mejia has not supported his assertion with any evidence establishing a contrary fact. In support of their motion for summary judgment, PNC Bank has provided the affidavit of Assistant Vice President Williams, setting forth the outstanding debts and additional fees owed by Mejia. The statement made by Williams conforms to the requirements of an affidavit pursuant to Federal Rule of Civil Procedure 56. Fed. Rule. Civ. P. 56(c)(4). The Court finds the monetary sums provided by PNC Bank represent an accurate reflection of the outstanding balance and fees owed by Mejia.

Mejia's second affirmative defense asserts that a proceeding in Illinois State Court would be more convenient for the parties. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *see also Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir. 2003). Mejia resides in Will County, Illinois which is located in the Northern District of Illinois, Eastern Division. In Mejia's answer to PNC Bank's complaint, he admits that venue is proper. Section 1391(a) of the United States Code expressly allows a civil action based on diversity of citizenship to be brought in the judicial district where a defendant resides. 28 U.S.C. § 1391(a). As specified in PNC Bank's complaint and further admitted in Mejia's answer, the case involves a claim above $75,000 and involves a controversy between citizens of two different states, as required for diversity jurisdiction. 28 U.S.C. § 1332(a). Mejia has not submitted any evidence contradicting the propriety of venue or elicited compelling evidence to justify disrupting PNC Bank's choice of forum.

Finally, Mejia's third affirmative defense asserts that the necessity of retaining counsel to represent his interests in the action entitles him to the recovery of reasonable attorney fees. Under the American rule, a party must pay its own attorneys' fees and expenses. *Fednav Intern. Ltd. v. Cont'l. Insur. Co.*, 624 F.3d 834, 838-39 (7th Cir. 2010). This rule is subject to several exceptions that Mejia does not elicit or allege.

The Court does not find that the circumstances Mejia elicited warrant an award of reasonable attorneys' fees.

PNC Bank has demonstrated that a valid contract existed and Mejia has not contradicted any evidence supplied by PNC Bank. PNC Bank has also demonstrated, through its affidavit of debt, the total amount that Mejia has outstanding on the two loans. Mejia has not put forth any evidence upon which a reasonable jury would find for him. Summary judgment is therefore granted in favor of PNC Bank. The Court will enter a judgment of foreclosure and the property is ordered to be sold pursuant to 735 ILCS 5/15-1507.

**1) Shorter Period of Redemption**

PNC Bank seeks a shortened redemption period. In Illinois, only the specified owner of a property may exercise their right to redeem the property from foreclosure, unless the right has been validly waived. 735 ILCS 5/15-1603(a). PNC Bank has provided a copy of the mortgage signed by Mejia, which contains a provision waiving his right of redemption. Considering Mejia's consent to the provision of the mortgage waiving his right of redemption, the Court finds that Mejia has validly waived his right to redeem the property. PNC Bank's request for a shortened redemption period is granted.

### 2) Personal Judgment for a Deficiency

PNC Bank asks the Court to grants their request for a personal judgment for a deficiency. Under Illinois Mortgage Foreclosure Law a deficiency judgment may be entered if the sale proceeds are not sufficient to satisfy the sum due to the lender. 735 ILCS 5/15-1508(e).

Considering the current posture of the case, the imposition of a personal judgment for a deficiency is unwarranted because a sale has not taken place. Without first establishing a final sale price, it is impossible to determine if a deficiency judgment is appropriate. The Court denies PNC Bank's request for the imposition of a personal judgment for a deficiency, without prejudice.

### 3) Order Placing the Mortgagee in Possession or Appointing a Receiver

PNC Bank seeks an order placing themselves in possession of the property or in the alternative to appoint a receiver. The right of a lender to be placed in possession of a property secured by a loan is governed by Illinois state law. 735 ILCS 5/15-1701. Under Illinois Mortgage Foreclosure Law, a lender's rights to take possession of real property are determined by the type of property which is subject to the mortgage. Different standards exist for a lender taking possession of a residential versus commercial property. *Id*. In certain circumstances, when residential property is subject

to default, the contractual provisions of a mortgage allowing a lender to take possession of a property in default are disregarded. *Id*.

In this case PNC Bank has not provided sufficient information to determine which property category the secured property falls under to establish if they are entitled to be placed in possession of the property. The contractual provisions of the mortgage allowing PNC Bank to take possession of the property cannot be followed in the absence of an adequate description of the property. PNC Bank's request to be placed in possession of the property is denied without prejudice until PNC Bank can show that they are entitled to possession.

In the alternative, PNC Bank asks the Court to appoint a receiver for the property. "The appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993); *see also Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009). Appointment of a receiver is an extraordinary remedy and a court should exercise its discretion to appoint a receiver with "care and caution." *Connolly v. Gishwiller*, 162 F.2d 428, 435 (7th Cir. 1947). Factors to be considered in the decision to appoint a receiver include; 1) fraudulent conduct on the part of the defendant; 2) whether there is imminent danger of the property being lost, diminished in value or squandered; 3) the inadequacy of the

available legal remedies; 4) the probability that harm to a plaintiff would be greater than the injury to the parties opposing appointment; and 5) the plaintiff's probable success in the action and the possibility of irreparable injury to their interest in the property. *See Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326-37 (1st Cir. 1988).

Because PNC Bank has not made a showing that any of the factors are satisfied in this case, the Court denies PNC Bank's request for appointment of a receiver without prejudice.

**4) Judgment for Attorneys' Fees, Costs and Expenses**

PNC Bank seeks a judgment for attorneys' fees, costs, and expenses. PNC Bank supports its request by eliciting the contractual provision of the signed mortgage agreement which entitles PNC Bank to recover reasonable attorneys' fees, costs and expenses resulting from an action to enforce the terms of the mortgage.

The instant lawsuit seeks to enforce the default provision of the mortgage. Therefore, PNC Bank may recover reasonable attorneys' fees, costs and expenses. In the absence of an affidavit supporting PNC Bank's accrued attorneys' fees, costs, and expenses the Court cannot assess the reasonableness of those expenses. PNC Bank is required to submit to the Court an accounting of all attorneys' fees, costs, and expenses. The Court grants PNC Banks request for the recovery of attorneys' fees, costs, and

expenses and will reserve the imposition of a judgment until such expenses can be reviewed by the Court.

**5) Appointment of Licensed Auctioneer**

PNC Bank's complaint seeks the appointment of a licensed auctioneer for the purposes of selling the property pursuant to 735 ILCS 5/15-1506(2)(f). Under Illinois Mortgage Foreclosure Law, if the initial complaint seeks the appointment of an auctioneer, the court may specify an official or specific person who shall conduct the foreclosure sale. 735 ILCS 5/15-1506(2)(f)(3).

The Court finds that PNC Bank sufficiently set forth its request for the appointment of an auctioneer in its original complaint and therefore grants PNC Bank's request for the appointment of a licensed auctioneer for the purposes of selling the defaulted property.

**CONCLUSION**

For the reasons set forth above, PNC Bank's motion for summary judgment is granted. The Court will enter a judgment of foreclosure and sale. PNC Bank's request for entry of a shorter period of redemption is granted, a personal judgment for a deficiency is denied without prejudice. PNC Bank's request for their placement in possession of the property or appointment of a receiver is denied without prejudice. The Court grants PNC Bank's request for the award of attorneys' fees, costs, and expenses,

however suspends judgment pending the Court's assent to the reasonableness of those expenses, and grants the appointment of a licensed auctioneer.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: January 16, 2013